IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.

LRZ, INC., RONALD USSELTON,
LISA USSELTON, FIRST CLOVERLEAF
FINANCIAL CORPORATION,
SMALL BUSINESS GROWTH CORPORATION,
U.S. SMALL BUSINESS ADMINISTRATION,
INTERNAL REVENUE SERVICE,
ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY,
METRO EAST SANITARY DISTRICT,
BEL-O SALES & SERVICE CO.,
MWIL PROPERTIES, LLC, and MLJB, INC.

    Defendants.                                Case No. 08-cv-114-DRH

**ORDER**

**HERNDON, Chief Judge:**

    This sua sponte Order is triggered by the Court's initial review of the Complaint (Doc. 2).[1] The Court notes that the Complaint does not properly plead

---

[1] This Court always undertakes a review of newly-filed complaints; *see **Wisconsin Knife Works v. National Metal Crafters**, **781 F.2d 1280, 1282 (7th Cir. 1986)**:* The first thing a federal judge should do when a complaint is filed is check to see that federal question jurisdiction is properly alleged.

subject matter jurisdiction, namely the citizenship of the respective parties.[2]

Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997)**. "The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." ***Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(collecting cases);** *see also* ***Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n. 1 (7th Cir. 2004)(citing *Belleville Catering Co. v. Champaign Market Place, LLC.*, 350 F.3d 691, 692 (7th Cir. 2003))**. In determining the existence of diversity jurisdiction, courts look to the citizenship of all partners or investors in a partnership or limited liability company. ***Lear Corporation v. Johnson Electric Holdings Limited*, 353 F.3d 580, 582 (7th Cir. 2003)**. Thus, the Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." ***Belleville Catering*, 350 F.3d at 692 (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir.1998))**. Here the allegations regarding MWIL, LLC's citizenship are insufficient to confer diversity jurisdiction (Doc. 2, ¶ 12).

---

[2] Section 1332 requires complete diversity and an amount in controversy greater than $75,000. A review of the pleadings shows that the allegations regarding the amount in controversy are sufficient. However, the allegations regarding citizenship are insufficient to establish that subject matter jurisdiction exists.

Thus, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (Doc. 2) for failure to properly plead and establish subject matter jurisdiction. The Court **ALLOWS** Plaintiff up to and including **April 11, 2008** to file an amended complaint that comports with this Order.

**IT IS SO ORDERED.**

Signed this 22nd day of February, 2008.

/s/ David R Herndon
**Chief Judge**
**United States District Court**