# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,**

    **Plaintiff,**

v.

**LRZ, Inc., et al.,**

    **Defendants.**                                                         **Case No. 08-cv-114-DRH**

## ORDER FOR DEFAULT JUDGMENT

**HERNDON, Chief Judge:**

    Before the Court are two separate Motions for Default Judgment (Docs. 58 & 59), filed by Plaintiff against defendants MLJB, Inc. ("MLJB"), and MWIL Properties, L.L.C. ("MWIL"), respectively. The Clerk's Entry of Default has already been issued for these two Defendants (Doc. 57). Accordingly, Plaintiff moves for default judgments against these Defendants pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55(b)**. In particular, Plaintiff, as the issuer of a commercial insurance policy to defendant LRZ, Inc., seeks a default judgment against defendants MLJB and MWIL, declaring that Plaintiff has no obligation to pay insurance proceeds to either, under the insurance policy at issue in this case (Policy No. I-680-1294L02A-ACJ-07, *see* Doc. 10, Ex. 1).

    A party is authorized to seek a default judgment pursuant to **FEDERAL**

**RULE OF CIVIL PROCEDURE 55**. Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. **FED. R. CIV. P. 55.** "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-plead. ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)).** Plaintiff must then establish a right to the requested relief sought. ***In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).**

A party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount [] prayed for in the demand for judgment." **FED. R. CIV. P. 54(c)**. Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment. ***In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted)**. Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. ***Id.*** Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." ***Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); *see also In re Catt*, 368 F.3d at 793**.

The record shows that Plaintiff properly served MLJB and MWIL with a summons and the Complaint (*see* Executed Summonses, Docs. 50 & 51). Neither

MLJB nor MWIL has timely filed an Answer or other responsive pleading. They have also not opposed Plaintiff's Motions for Default. The only relief Plaintiff seeks in default is declaratory. Thus, Plaintiff's Motions for Default Judgment (Docs. 58 & 59) are **GRANTED**. Accordingly, the Court **DIRECTS** the Clerk to enter **DEFAULT JUDGMENTS** in favor of plaintiff Travelers Casualty Insurance Company of America and against defendants MLJB, Inc., and MWIL Properties, L.L.C., **DECLARING** as follows:

- Plaintiff Travelers Casualty Insurance Company of America has no obligation to pay insurance proceeds to defendant **MLJB, Inc.,** under the commercial insurance policy, Policy No: I-680-1294L02A-ACJ07, issued by Plaintiff to LRZ, Inc., with a policy period of February 22, 2007 through February 22, 2008, a copy of which is attached as Exhibit 1 to Plaintiff's Amended Complaint (Doc. 10).

- Plaintiff Travelers Casualty Insurance Company of America has no obligation to pay insurance proceeds to defendant **MWIL Properties, L.L.C.,** under the commercial insurance policy, Policy No: I-680-1294L02A-ACJ07, issued by Plaintiff to LRZ, Inc., with a policy period of February 22, 2007 through February 22, 2008, a copy of which is attached as Exhibit 1 to Plaintiff's Amended Complaint (Doc. 10).

**IT IS SO ORDERED**.

Signed this 28th day of July, 2008.

/s/ David R Herndon
**Chief Judge**
**United States District Court**